# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2016

Lyle W. Cayce
Clerk

No. 14-31296
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ORLE MORALES-RUIZ, also known as Stevenson Delannoy-Sosa, also known
as Ruben Cereda,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-83-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Orle Morales-Ruiz was convicted of falsely claiming United States
citizenship to obtain employment and one count of aggravated theft. He was
sentenced to an above-guidelines sentence of 24 months for the false claim of
citizenship offense and a consecutive 24-month sentence for the aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-31296

theft offense. He was also sentenced to a total term of three years of supervised release and ordered to pay a within-guidelines fine of $2,500.

On appeal, Morales-Ruiz challenges the substantive reasonableness of his fine and his 24-month sentence for the false claim of citizenship offense. Because he raises these arguments for the first time on appeal, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Morales-Ruiz's arguments challenging the fine were rejected in *United States v. Pacheco–Alvarado*, 782 F.3d 213, 217-22 (5th Cir. 2015). Nothing in the record or in Morales-Ruiz's arguments compels a different conclusion here.

As to the substantive reasonableness of the above-guidelines 24-month sentence, the record demonstrates that the district court made an individualized assessment of the facts and determined that a sentence within the advisory guidelines range was insufficient to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). The district court adopted the presentence report, which detailed Morales-Ruiz's personal history, and it acknowledged the recommended guidelines range of two to eight months. The district court was particularly concerned, however, with Morales-Ruiz's criminal history and the danger his criminal conduct had posed to the public in the past and could pose to the public in the future. Morales-Ruiz's mere disagreement with the court's assessment of the § 3553(a) factors does not establish that the sentence was an abuse of discretion or unreasonable, much less that it was plainly erroneous. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.